IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAUL R. COURCHENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4026-CV-C-NKL |
| ) | |
| CITIBANK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court are Defendant Citibank (South Dakota), N.A.'s ("Citibank") Motion to Dismiss [Doc. # 9], and Defendants David R. Gamache and Gamache and Meyers, P.C.'s Motion to Dismiss [Doc. # 13]. Plaintiff Paul R. Courchene ("Courchene") has not responded to either Motion or the Court's May 2, 2006, Order to Show Cause [Doc. # 16] why the Motions should not be granted.[1] However, on July 26, 2006, Courchene filed his own Motion to Dismiss [Doc. # 21], stating only that he did not wish to go through with the suit  For the reasons set forth below, all Motions are granted.

**I.  Facts**

---

[1] The Order was sent by certified mail and signed for by Jeannie Courchene on May 11, 2006.

1

Citibank has a national bank located in South Dakota. Courchene, a resident of Missouri, borrowed money from Citibank. Citibank hired Gamache to collect Courchene's debt when it was not paid.

**II.     Discussion**

  **A.     Counts I-IV Against Defendant Citibank**

Counts I-IV of Courchene's Complaint allege violations of the Fair Debt Collection Practices Act (FDCPA). The FDCPA, 15 U.S.C. § 1692c(a)(2), prohibits a debt collector from contacting a debtor where the collection agency knows the consumer is represented by an attorney. *Schmitt v. FMA Alliance*, 398 F.3d 995, 996 (8th Cir. 2005). The Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Schmitt*, 398 F.3d at 998. Citibank has moved to dismiss Counts I-IV against it because it is a creditor, not a debt collector, and therefore not subject to the FDCPA. Courchene has not responded to Citibank's Motion. Counts I-IV will be dismissed against Citibank for failure to state a claim upon which relief can be granted.

  **B.     Counts I-IV Against Gamache and Gamache and Meyers, P.C.**

2

David R. Gamache filed suit against Courchene in Missouri state court on behalf of his client, Citibank, to collect Courchene's delinquent credit card debt. Courchene now sues Gamache and his law firm, in Counts I-IV of this federal action, making several conclusory allegations that Gamache's actions violate nearly every section of the FDCPA; however, none of these Counts contains any information that explains what Gamache did wrong. "Even the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it." *Mattes v. ABC Plastics, Inc*., 323 F.3d 695, 699 (8th Cir. 2003). Courchene's complaint does not state a claim under the FDCPA against either Gamache or his law firm, Gamache & Meyers, P.C. He has failed to respond to the Motion to Dismiss and has ignored the Court's Orders to Show Cause. Counts I-IV will be dismissed with prejudice against Gamache and Gamache & Meyers, P.C.

**C.     Count V**

Citibank, Gamache and his law firm also move to dismiss Count V, which alleged a violation of the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010 et seq., because Courchene has not alleged any fraud or misconduct in connection with a sale or advertisement. The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose . . . ." *Id.* § 407.020.

3

Although the Federal Rules of Civil Procedure require only notice pleading in general, they also require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b). The "circumstances" of the fraud "'include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982)). Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims. *In re GMC Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997), *aff'd, Briehl v. GMC*, 172 F.3d 623 (8th Cir. 1999); *see also FDIC v. Bathgate*, 27 F.3d 850, 876 (3rd Cir. 1994).  Because Courchene has not pleaded any fraudulent sale or advertisement with particularity, Count V will be dismissed with prejudice against all Defendants.

### D.      Defendants John Doe, Jane Doe, and One Up

The caption of Courchene's Complaint also names John Doe, Jane Doe, and One Up as Defendants.  There are no factual allegations anywhere in the complaint related to these Defendants, and no attempt has been made to serve or identify them.  The Court will grant Courchene's Motion to Dismiss these Defendants

### III.  Conclusion

Accordingly, it is hereby

ORDERED that Defendant Citibank's Motion to Dismiss [Doc. # 9] is GRANTED, and it is

ORDERED that Defendants David R. Gamache and Gamache and Meyers, P.C.'s Motion to Dismiss [Doc. # 13] is GRANTED, and it is

ORDERED that Plaintiff's Motion to Dismiss [Doc. # 21] is GRANTED as to Defendants John Doe, Jane Doe, and One Up. In all other respects, Plaintiff's Motion is DENIED as MOOT. It is therefore

ORDERED that Citibank, Gamache and Gamache and Meyers, P.C., are DISMISSED WITH PREJUDICE, and John Doe, Jane Doe and One Up are DISMISSED WITHOUT PREJUDICE.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 1, 2006
Jefferson City, Missouri